IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARY ANNE KIRGAN, et al. | * | |
| Plaintiffs, | * | |
| | | Civil Action No. RDB-19-0199 |
| v. | * | |
| MANUFACTURERS AND TRADERS TRUST COMPANY | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

This is a declaratory judgment action that was brought before this Court by Plaintiffs Mary Anne Kirgan and Robert S. Kirgan[1] ("the Kirgans") against Defendant, Manufacturers and Traders Trust Company, doing business as M&T Bank ("M&T"). (Compl., ECF No. 1.) All parties are successor trustees of the Clarence Manger and Audrey Cordero Plitt Trust ("the Trust"), which is a charitable trust created under the will of Clarence Manger Plitt. This case was closed on August 30, 2019 and judgment was entered in favor of both the Kirgans and M&T, directing payment by the Trust of fees and costs incurred by the Kirgans in the amount of $756,348.79 and directing payment by the Trust of fees and costs incurred by M&T in the amount of $940,278.90. (ECF Nos. 25, 26.) Now pending is M&T's Motion to Reopen and Affirm Judgment. (ECF No. 27.) This Court held a hearing on M&T's Motion on April 13, 2021.[2] *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated on the record at the hearing

---

[1] The Kirgans were formerly represented by counsel from the law firm of McDermott Will & Emery LLP, but they are now proceeding *pro se*. (*See* ECF No. 28.)

[2] The hearing was held on the record via telephone because of the circumstances created by the COVID-19 Pandemic.

1

and for the reasons stated herein, M&T's Motion to Reopen and Affirm Judgment (ECF No. 27) is GRANTED.

This Court provided a detailed background of this case in its August 30, 2019 Memorandum Opinion. (ECF No. 25.)  In brief, in 2016, the Kirgans attempted to replace M&T as a trustee, which led to the Kirgans filing a lawsuit in 2017 against M&T in Virginia, "the Virginia action" (Civil No. 17-327-CMH-TCB, E.D. Va).  M&T then sued the Kirgans in this Court on May 4, 2017.  *See Manufacturers and Traders Co. v. Kirgan, et al.*, Civil Action No. JFM-17-1228 (D. Md. May 4, 2017).  On July 17, 2017, Judge Motz of this Court dismissed M&T's claims pursuant to the first-to-file rule.  (*Id.*)  M&T refiled its claims as counterclaims in the Virginia action and also sought removal of the Kirgans as trustees.

In November 2018, Judge Hilton of the United States District Court for the Eastern District of Virginia denied each side's request to remove the other and dismissed all the remaining claims and counterclaims.  The Kirgans appealed to the United States Court of Appeals for the Fourth Circuit and the Fourth Circuit affirmed Judge Hilton's decision on April 17, 2020.  *Kirgan as trustee of Clarence Manger and Audrey Cordero Plitt Trust v. Manufacturers and Traders Tr. Co.*, 810 Fed. App'x 187 (4th Cir. 2020).

The Kirgans filed the subject action in this Court on January 22, 2019, seeking a declaratory judgment that M&T must release funds from the Trust to reimburse their attorneys' fees for the Virginia litigation, the earlier Maryland litigation, and the Fourth Circuit appeal. (Compl., ECF No. 1.)  M&T filed a counterclaim in this action, also seeking a judgment declaring that M&T is entitled to reimbursement of attorneys' fees from the Trust that it has incurred in the Virginia litigation, this litigation, and the Fourth Circuit appeal.

(Countercl., ECF No. 5.) On August 30, 2019, this Court ruled that both the Kirgans and M&T could obtain reimbursement for fees incurred in the Virginia action and the related Fourth Circuit appeal, in addition to the fees incurred in this case. (ECF Nos. 25, 26.) The Court found that M&T could obtain reimbursement of all of its fees because, as a Trustee of the Plitt Trust, M&T was acting in the interests of the Plitt Trust. (*Id.*) As a result, the Court closed this case and entered judgment in favor of M&T for $940,278.90, which was the amount of fees it had paid through April 30, 2019 as those were all the bills M&T had available when it submitted its bills to this Court. (*Id.*) The Court also entered judgment in favor of the Kirgans for fees and costs in the amount of $756,348.79.[3] (*Id.*)

On December 3, 2020, M&T sought reimbursement from Plaintiffs' counsel from the Plitt Trust for the remaining fees incurred and paid for in the Virginia action and the Fourth Circuit appeal between May 1, 2019 and April of 2020 when the Fourth Circuit rendered its decision. (ECF No. 27 ¶ 8.) In addition, M&T sought reimbursement for the additional fees incurred for work performed in this case from May 2019 through August of 2019. (*Id.*) The Plaintiffs replied through counsel that "more formal correspondence will follow" but that "in the interim, M&T is not authorized to proceed with the referenced reimbursement." (*Id.*) On December 8, 2020, Plaintiffs' counsel responded stating "the Kirgans object to and do not authorize the referenced reimbursement. M&T is not authorized to release funds from the Trust and must not do so." (*Id.* ¶ 10.) On April 5, 2021, M&T filed the instant Motion to Reopen the case for the sole purpose of permitting it to submit for this Court's review its un-

---

[3] The Court also denied payment of $546,618.35 of fees requested by the Kirgans because those fees were not properly attributable to the Trust. (ECF Nos. 25, 26.)

3

reimbursed bills for fees in the Virginia action, the Fourth Circuit appeal, and this action. (ECF No. 27.)

While M&T does not cite under which Federal Rule of Civil Procedure it seeks relief, Rule 60(b)(6) is a "catch-all provision" which permits the Court to re-open a case "for any other reason that justifies relief." *See Moses v. Joyner*, 815 F.3d 163, 167-68 (4th Cir. 2016). This Court's August 30, 2019 Memorandum Opinion expressly provides that M&T is entitled to reimbursement from the Trust for attorneys' fees that are reasonable and properly incurred in the administration of the Trust. (ECF No. 25 at 12.) Indeed, "Maryland has long recognized the general proposition that legal costs are a necessary part of the cost of administering a trust." *Saulsbury v. Denton Nat'l Bank*, 335 A.2d 199, 200 (Md. Ct. Spec. App. 1975).). Accordingly, this Court shall reopen this case to allow M&T to seek the relief to which it is entitled and to submit claims for un-reimbursed fees incurred in the Virginia action, the Fourth Circuit appeal, and this action. The Kirgans are also entitled to oppose M&T's requests. Consequently, this Court has ordered the briefing schedule set forth below for M&T to submit its requests for reimbursements consistent with this Court's ruling on the record at the April 13, 2021 hearing.

Accordingly, for the reasons stated on the record at the April 13, 2021 hearing and for the reasons stated above, it is HEREBY ORDERED this 13th day of April, 2021, that:

1. Defendant M&T's Motion to Reopen and Affirm Judgment (ECF No. 27) is GRANTED;

2. The Clerk of this Court SHALL REOPEN THIS CASE;

3. The parties shall adhere to the following briefing schedule:

  a. On or before **Friday, April 23, 2021**, Defendant shall submit its requests for reimbursements;

  b. On or before **Friday, May 7, 2021**, Plaintiffs shall submit any objections they may have to Defendant's requests, including any contentions that subject matters found in Defendant's invoices are not attributable to the proper administration of the Trust;

  c. On or before **Friday, May 14, 2021**, Defendant may file any Reply it may have; and

4. The Clerk of this Court transmit a copy of this Memorandum Order to counsel of record and to *pro se* Plaintiffs at their last known address.

_____/s/_____

Richard D. Bennett
United States District Judge