IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARY ANNE KIRGAN, et al. | * | |
| Plaintiffs, | * | Civil Action No. RDB-19-0199 |
| v. | * | |
| MANUFACTURERS AND TRADERS TRUST COMPANY | * | |
| | * | |
| Defendant. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

This is a declaratory judgment action that was brought before this Court by Plaintiffs Mary Anne Kirgan and Robert S. Kirgan[1] ("the Kirgans") against Defendant, Manufacturers and Traders Trust Company, doing business as M&T Bank ("M&T").  (Compl., ECF No. 1.) All parties are successor trustees of the Clarence Manger and Audrey Cordero Plitt Trust ("the Trust"), which is a charitable trust created under the will of Clarence Manger Plitt.  This case was closed on August 30, 2019 and judgment was entered in favor of both the Kirgans and M&T, directing payment by the Trust of fees and costs incurred by the Kirgans in the amount of $756,348.79 and directing payment by the Trust of fees and costs incurred by M&T in the amount of $940,278.90.  (ECF Nos. 25, 26.)  On April 13, 2021, after an audio hearing[2], the Court reopened this case to allow Defendant M&T to submit claims for un-reimbursed fees it has incurred.  (ECF Nos. 29, 30.)  On April 23, 2021, Defendant M&T filed its Motion for

---

[1] The Kirgans were formerly represented by counsel from the law firm of McDermott Will & Emery LLP, but they are now proceeding *pro se*.  (*See* ECF No. 28.)

[2] The hearing was held on the record via telephone because of the circumstances created by the COVID-19 Pandemic.

Order Permitting Reimbursement of Fees Consistent with the Court's August 30, 2019 Order (ECF No. 31), which it supplemented on April 26, 2021 (ECF No. 32).   M&T seeks reimbursement for attorneys' fees totaling $239,683.11.  (ECF Nos. 31, 32, 39.)  Plaintiffs have also filed a Motion for Reimbursement of Fees, seeking attorneys' fees and costs of $26,343.98. (ECF No. 34.)  The Court has reviewed the fees and costs sought by both parties.  For the reasons stated on the record at the April 13, 2021 hearing and for the reasons stated herein, M&T's Motion for Order Permitting Reimbursement of Fees Consistent with the Court's August 30, 2019 Order (ECF Nos. 31, 32) is GRANTED, and Plaintiffs Kirgans' Motion for Order Permitting Reimbursement of Fees Consistent with the Court's August 30, 2019 and Court Hearing on April 13, 2021 (ECF No. 34) is DENIED.  The Court shall direct payment by the Trust of fees incurred by Defendant M&T in the amount of $239,683.11.

## BACKGROUND

This Court provided a detailed background of this case in its August 30, 2019 Memorandum Opinion.  (ECF No. 25.)  In brief, in 2016, the Kirgans attempted to replace M&T as a trustee, which led to the Kirgans filing a lawsuit in 2017 against M&T in Virginia, "the Virginia action" (Civil No. 17-327-CMH-TCB, E.D. Va).  M&T then sued the Kirgans in this Court on May 4, 2017.  *See Manufacturers and Traders Co. v. Kirgan, et al.*, Civil Action No. JFM-17-1228 (D. Md. May 4, 2017).  On July 17, 2017, Judge Motz of this Court dismissed M&T's claims pursuant to the first-to-file rule.  (*Id.*)  M&T refiled its claims as counterclaims in the Virginia action and also sought removal of the Kirgans as trustees.

In November 2018, Judge Hilton of the United States District Court for the Eastern District of Virginia denied each side's request to remove the other, entered summary judgment

in M&T's favor on the Kirgans' breach of contract and fraud claims, and, after a bench trial, entered judgment in M&T's favor on the Kirgans' remaining claims of breach of fiduciary duty and the removal of M&T as corporate trustee. *Kirgan as trustee of Clarence Manger and Audrey Cordero Plitt Trust v. Manufacturers and Traders Tr. Co.,* Civil Action No. 1:17-cv-00327, 2018 WL 6257106 (E.D. Va. Nov. 29, 2018).  The Kirgans appealed to the United States Court of Appeals for the Fourth Circuit and the Fourth Circuit affirmed Judge Hilton's decision on April 17, 2020.  *Kirgan as trustee of Clarence Manger and Audrey Cordero Plitt Trust v. Manufacturers and Traders Tr. Co.*, 810 Fed. App'x 187 (4th Cir. 2020).

The Kirgans filed the subject action in this Court on January 22, 2019, seeking a declaratory judgment that M&T must release funds from the Trust to reimburse their attorneys' fees for the Virginia litigation, the earlier Maryland litigation, and the Fourth Circuit appeal.  (Compl., ECF No. 1.)  M&T filed a counterclaim in this action, also seeking a judgment declaring that M&T is entitled to reimbursement of attorneys' fees from the Trust that it has incurred in the Virginia litigation, this litigation, and the Fourth Circuit appeal. (Countercl., ECF No. 5.)  On August 30, 2019, this Court ruled that both the Kirgans and M&T could obtain reimbursement for fees incurred in the Virginia action and the related Fourth Circuit appeal, in addition to the fees incurred in this case.  (ECF Nos. 25, 26.)  The Court found that M&T could obtain reimbursement of all of its fees because, as a Trustee of the Plitt Trust, M&T was acting in the interests of the Plitt Trust.  (*Id.*)  As a result, the Court closed this case and entered judgment in favor of M&T for $940,278.90, which was the amount of fees it had paid through April 30, 2019 as those were all the bills M&T had available when

it submitted its bills to this Court.  (*Id.*)  The Court also entered judgment in favor of the Kirgans for fees and costs in the amount of $756,348.79.  (*Id.*)

On December 3, 2020, M&T sought reimbursement from Plaintiffs' counsel from the Plitt Trust for the remaining fees incurred and paid for in the Virginia action and the Fourth Circuit appeal between May 1, 2019 and April of 2020 when the Fourth Circuit rendered its decision.  (ECF No. 27 ¶ 8.) In addition, M&T sought reimbursement for the additional fees incurred for work performed in this case from May 2019 through August of 2019.  (*Id.*)  The Plaintiffs replied through counsel that "more formal correspondence will follow" but that "in the interim, M&T is not authorized to proceed with the referenced reimbursement." (*Id.*)  On December 8, 2020, Plaintiffs' counsel responded stating "the Kirgans object to and do not authorize the referenced reimbursement.  M&T is not authorized to release funds from the Trust and must not do so."  (*Id.* ¶ 10.)

On April 5, 2021, M&T filed the instant Motion to Reopen the case for the sole purpose of permitting it to submit for this Court's review its un-reimbursed bills for fees in the Virginia action, the Fourth Circuit appeal, and this action for the period of May 1, 2019 to date.  (ECF No. 27.)  On April 13, 2021, this Court held an audio hearing after which it reopened the case to allow Defendant M&T to submit for this Court's review its un-reimbursed bills for fees in the Virginia action, the Fourth Circuit Appeal, and this action. (ECF Nos. 29, 30.)  On April 23, 2021, Defendant M&T filed its Motion for Order Permitting Reimbursement of Fees Consistent with the Court's August 30, 2019 Order (ECF No. 31), which it supplemented on April 26, 2021 (ECF No. 32).  M&T seeks reimbursement for its

attorneys' fees totaling $239,683.11. (ECF Nos. 31, 32, 39.) Plaintiffs have also filed a Motion for Reimbursement of Fees, seeking attorneys' fees and costs of $26,343.98. (ECF No. 34.)

## DISCUSSION

This Court has already determined that Defendant M&T is entitled to reimbursement from the Trust for attorneys' fees in the Virginia action, the Fourth Circuit appeal, and this action, as long as those fees are reasonable and properly incurred in the administration of the Trust. (*See* ECF Nos. 25, 26, 30.) However, the Court did not find that the Kirgans were entitled to any further reimbursement from the Trust. (*Id.*) Indeed, at the April 13, 2021 hearing, the Court explained that its reopening of this case "does not include [the Kirgans'] right to now seek further reimbursement for legal fees" and that it would "not entertain those bills." (4/13/2021 Hearing Tr. at 21, ECF No. 35.) Accordingly, the Kirgans' Motion for Reimbursement must be DENIED.[3] As a result, the sole issue before this Court is whether M&T's requests for reimbursement for fees incurred since May 1, 2019 are reasonable and properly incurred in the administration of the Trust. For the reasons explained below, the Court finds that the attorneys' fees incurred by M&T are reasonable and were properly incurred in the administration of the Trust.

As this Court has repeatedly noted, "Maryland has long recognized the general proposition that legal costs are a necessary part of the cost of administering a trust." *Saulsbury v. Denton Nat'l Bank*, 335 A.2d 199, 200 (Md. Ct. Spec. App. 1975)). When trustees defend the administration of a trust, it may charge the necessary counsel fees to the trust assets. *Id.* This

---

[3] Even if this Court were to consider the Kirgans' requests for reimbursement, the Kirgans have failed to establish that the fees sought were properly incurred in the administration of the Trust.

includes a successful defense by a trustee against an effort to remove him as trustee. *Id.* at

201. In its explanation, the *Saulsbury* Court stated:

> [T]rustees have no beneficial interest in the trust property. They
> hold it for the accommodation and benefit of others. If they
> perform their duties faithfully, and are guilty of no unjust,
> improper, or oppressive conduct, they ought not in justice and
> good conscience to be put to any expense out of their own
> moneys. If, therefore, they are brought before the court without
> blame on their part, they should be reimbursed all the expenses
> that they incur, and allowed their costs as between solicitor and
> client.

*Id.* (quoting 2 Jairus Ware Perry, A Treatise on the Law of Trusts and Trustees § 894 (7th ed.

1929)). The *Saulsbury* Court cited a different treatise for the proposition that if the defense is

not successful and is removed, "he must pay his own expenses." *Id.* (quoting George Gleason

Bogert & George Taylor Bogert, The Law of Trusts and Trustees § 809 (2d ed. 1960)). The

general rule, therefore, appears to be that a trustee is entitled to attorneys' fees paid from the

trust if the trustee successfully defends a removal action.

If a defense is successful in part, and unsuccessful in part, a court should allocate to

the trust only the portion or percentage of the fees that it considers, in its discretion, to be

fairly attributable to the successful aspects of the defense. *Jacob v. Davis*, 738 A.2d 904, 921,

(Md. Ct. Spec. App. 1999). As a result, only those fees properly incurred or reasonable are

entitled to reimbursement from the Trust. This Court has required M&T to submit its invoices

representing fees it has incurred in the Virginia action, the Fourth Circuit appeal, and this

action since May 1, 2019, and has allowed the Kirgans to challenge whether the submitted

invoices are fairly attributable to the Trust.

Here, M&T has provided detailed bills regarding the hours expended by seven individuals involved in representing M&T in the Virginia Action, the Fourth Circuit Appeal, and in this action from May 1, 2019 to the filing of its Reply in this action on May 24, 2021. (*See* July 2020 to November 2020 fees, ECF No. 31-1; December 2020 to May 24, 2021 fees, ECF No. 39-2; May 2019 to May 2020 fees, ECF No. 32-1.)   In total, M&T seeks reimbursement for approximately 525 hours of work spent in these matters over a period of two years.  (*Id.*)   Specifically, M&T reports the following approximate hours: attorney Brian Whittaker spent 167 hours; attorney John Hayes spent 238 hours; attorney Martha Medina spent 62 hours;  attorney Michael Cooney spent 9 hours; attorney Brian Donnelly spent 3 hours; Giselle Enchill, a paralegal, spent 45 hours; and William Masterson, an e-discovery specialist, spent 1 hour.  (ECF Nos. 31-1, 39-2, 32-1.)

This Court has considered M&T's submissions and the Kirgans' objections thereto and finds the requested fees reasonable and appropriately incurred in the administration of the Trust, primarily in successfully defending its position as a Trustee.  The Court has allowed the rates as invoiced rather than mandate the Guidelines Regarding Hourly Rates as set forth in Appendix B.3 of the Local Rules of this Court (D. Md. 2018).[4]  Accordingly, M&T's Motion

---

[4] The Local Rules establish the following "presumptively reasonable" hourly fee ranges:
   a.   Lawyers admitted to the bar for less than five (5) years: $150-225.
   b.   Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.
   c.   Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.
   d.   Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.
   e.   Lawyers admitted to the bar for twenty (20) or more: $300-445.
   f.   Paralegals and law clerks: $95-150.
Local Rules, App'x B.3 (D. Md. 2018); *see also Ledo Pizza Sys., Inc. v. Singh*, No. WDQ-13-2365, 2014 WL 1347113, at *5 (D. Md. Apr. 3, 2014).   However, the Guidelines Regarding Hourly Rates as set forth in Appendix B apply to rules and guidelines for determining attorneys' fees in specific types of cases, not in all cases.  Specifically, Appendix B.3 provides guidelines for hourly rates in the event that there is a petition directly to the Court for legal fees, which is not the case here, where M&T seeks *reimbursement* in successfully defending its role as Trustee.  Indeed, the Local Rules note that "[t]he Court recognizes that there are attorneys for whom,

for Order Permitting Reimbursement of Fees Consistent with the Court's August 30, 2019 Order (ECF Nos. 31, 32) is GRANTED and this Court directs payment by the Trust of fees incurred by M&T in the amount of $239,683.11.

## CONCLUSION

Accordingly, for the reasons stated on the record at the April 13, 2021 hearing and for the reasons stated above, it is HEREBY ORDERED this 7th day of June, 2021, that:

1. Defendant M&T's Motion for Order Permitting Reimbursement of Fees Consistent with the Court's August 30, 2019 Order (ECF Nos. 31, 32) is GRANTED;

2. This Court hereby directs payment by the Trust of fees incurred by Defendant M&T in the amount of $239,683.11;

3. Plaintiffs Kirgans' Motion for Order Permitting Reimbursement of Fees Consistent with the Court's August 30, 2019 and Court Hearing on April 13, 2021 (ECF No. 34) is DENIED;

4. The Clerk of this Court SHALL CLOSE THIS CASE;

**5.** The Clerk of this Court transmit a copy of this Memorandum Order to counsel of record and to *pro se* Plaintiffs at their last known address.

                                    _____/s/_____

                                    Richard D. Bennett
                                    United States District Judge

---

and cases for which, the market rate differs from these guideline rates.  In any event, the Court expects all claims to be appropriately supported."  Local Rules, App'x B.3 (D. Md. 2018).  M&T has appropriately supported its claim for attorneys' fees with its exhibits detailing the bills already submitted and paid to counsel. (ECF Nos. 31-1, 39-2, 32-1.)